UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JOSE HERNANDEZ aka ALLEN GONZALEZ,

              Petitioner,

-against-

S. ECKERT,

              Respondent.
----------------------------------------------------------X

**ORDER**
19 Civ. 1612 (AMD)

**ANN DONNELLY,** District Judge:

On March 11, 2019,[1] the petitioner Jose Hernandez, also known as Allen Gonzalez, currently incarcerated at Wende Correctional Facility, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his October 19, 1994 Queens County conviction for murder in the second degree and criminal possession of a weapon. The petitioner's request to proceed *in forma pauperis* is granted. I cannot consider this petition; it is the petitioner's second habeas petition. Accordingly, for the reasons that follow, I transfer the petition to the United States Court of Appeals for the Second Circuit.

The petitioner challenged this conviction in 1998, when he filed a petition for a writ of habeas corpus in this court. *See Hernandez v. Senkowski*, No. 98-CV-5270 (RR). By Order dated December 29, 1999, the Honorable Reena Raggi denied the petition and closed the case. By Mandate issued August 1, 2000, the Second Circuit dismissed the petitioner's appeal.

The Antiterrorism and Effective Death Penalty Act of 1996 "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications."

---

[1] Under the "prison mailbox rule," a submission by an imprisoned *pro se* petitioner, including a writ of habeas corpus, is deemed filed on the day it is given to prison officials. *See Walker v. Jastremski*, 430 F.3d 560, 562 (2nd Cir. 2005) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

1

*Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003); 28 U.S.C. § 2244(b)(3)(A). Therefore, petitioner must move in the United States Court of Appeals for the Second Circuit for permission to pursue this successive petition for habeas corpus relief. 28 U.S.C. § 2244(b)(3)(A).

Accordingly, in the interest of justice, the Clerk of Court is respectfully directed to transfer this petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. *Torres*, 316 F.3d at 151-52 (citing *Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996) (*per curiam*)). This Order closes this case. If the Circuit authorizes the petitioner to proceed in this matter, he must move to reopen the case under this docket number.

SO ORDERED.

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: March 28, 2019
Brooklyn, New York